EVENING STAR, INC. and MULITAUAOPELE IVI, Appellants,
v.
SONOMA MISSION, Appellee.

High Court of American Samoa
Appellate Division

AP No. 20-84

May 22, 1984

Before GARDNER, Chief Justice, Presiding, KING,* Acting Associate Justice,
HEEN,** Acting Associate Justice, OLO, Associate Judge and APE, Associate
Judge.

Counsel: For the appellant, Mulipauaopele Ivi
For the appellee, Steven Watson

## FACTS

Appellee sued appellant and others in the United States District Court,
Northern District of California, for money damages arising out of a business
transaction. Appellant, through counsel, moved to dismiss for lack of
personal jurisdiction. This motion was denied and appellant made a personal
appearance. Extensive procedures followed and the matter was eventually set
for trial. Three days before trial counsel for appellant moved to withdraw
for lack of cooperation by his client and non-payment of fees. The motion
was granted and an accompanying motion for continuance was denied.
Appellant failed to appear for trial and a substantial money judgment was
obtained against him. The judgment was then filed as a foreign judgment in
this court. Appellant attacked the foreign judgment by a rule 60(b) motion
which was denied. This appeal followed.

## DISCUSSION

The judgment of the United States District Court is valid on its face.
It has been properly certified and attested. It is entitled to full faith
and credit under article IV, section 1, United States Constitution. This
constitutional provision is supplemented by 28 U.S.C. section 1738 which
states:

> Such Acts, records and judicial procedings or copies thereof
> . . . shall have the same full faith and credit in every
> court within the United States and its Territories and
> Possessions as they have by law or usage in the courts of
> such State, Territory or Possession from which they are
> taken.

(Emphasis added.)

The law of this territory acknowledges and accepts, as indeed it must,
the principle of full faith and credit. A.S.C.A. section 43.1701, et seq.,
incorporates the Uniform Enforcement of Foreign Judgments Act and defines a
"foreign judgment" as "any judgment, decree or order of a court of the
United States or of any other court which is entitled to full faith and
credit in this territory." A.S.C.A. sec. 43.1702. (Emphasis added.)

In spite of this plain language, appellant insists that this territory

12

is a "foreign state." This is nonsense. This is a territory of the United States of American and in no way a foreign state. Appellant then invites our attention to the California Code of Civil Procedure which now distinguishes between "sister state money judgments" (section 1713 et seq.) and "foreign money judgments" (section 1713 et seq.). Needless to say, the "foreign" as used in the California law means foreign in its usual layman context, i.e., a foreign nation—Bolivia or Japan. In the California Code "foreign state" is defined as any governmental unit other than the United States, or any state, district, commonwealth, territory, insular possession, thereof or the Panama Canal Zone, or the Trust Territory of the Pacific Islands.

We terminate this portion of the discussion repeating the obvious: American Samoa is a Territory of the United States of America, not a foreign nation, and a judgment of a court of the United States is entitled to full faith and credit in this territory. We cannot remove the territory of American Samoa from the United States and make it a foreign jurisdiction in order that appellant may retry his case in this court.

Appellant next tries, as he has at every stage of these proceedings, to go back of that judgment and argue that case on its merits. This he cannot do.

The Supreme Court of the United States has spoken quite directly on the subject.

> [I]f the judgment on its face appears to be a "record of a court of general jurisdiction, such jurisdiction over the cause and the parties is to be presumed unless disproved by extrinsic evidence, or by the record itself." [Citation.] In such case the full faith and credit clause of the Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based.

Milliken v. Meyer (1940) 311 U.S. 457, 462.

Appellant relies on the last sentence of A.S.C.A. section 43.1703 which reads "a [foreign] judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of the High Court of American Samoa and may be enforced or satisfied in like manner." From this appellant contends he can go back and relitigate the case out of which this judgment arose. No way.

To read that sentence in the manner suggested would be to read into it a meaning inconsistent with the Constitution of the United States. We obviously decline to interpret that provision in such a way as to render it unconstitutional.

This provision is a common one in statutes pertaining to the enforcement of foreign judgments. It means that the foreign judgment may be attacked on the basis of jurisdiction in the same manner as any judgment of this court. Common defenses to the enforcement of a foreign judgment include lack of jurisdiction, lack of finality, judgment rendered in excess of jurisdiction, judgments not enforceable in the state of rendition, judgment already paid, suit on the judgment barred by the statute of limitations in the state where enforcement is sought. See 5 B. Witkin, California Procedure, Enforcement of Judgments secs. 194-195, at 3549-50. See also Durfee v. Duke (1963) 375 U.S. 106; New York v. Halvey (1947) 330 U.S. 610; Williams v. North Carolina (1945) 325 U.S. 226; Riley v. New York Trust Co. (1942) 315 U.S. 343.

Also an attack may be made on a foreign judgment if that judgment was

obtained by extrinsic fraud.   See 55 A.L.R.2d 674.   Again this is an attack on  jurisdiction.   That type of fraud means some intentional act or conduct by  which  the prevailing party has prevented the  unsuccessful  party  from having a fair submission of the controversy.   Farley v.  Davis (Wash. 1941) 116 P.2d 263, 268.  This, of course, has nothing to do with intrinsic fraud, which  pertains  to  issues  involved in the original  action,  or  to  acts constituting fraud that were or could have been litigated therein.

However,  there  is nothing in this voluminous file that even hints  at extrinsic  fraud.   Appellant  insists  he has been the victim  of  a  great injustice in the district court in California.   However,  none of this goes to the jurisdiction of that court to render this judgment.  Appellant simply has to go back to California, re-open the case and try it on its merits.  As the trial court said, "unfortunately for the defendant we must hold that his remedies lie in the forum in which the judgment was rendered."  We agree.

The  most  recent  guideline  on  this issue  is  found  in  Thomas  v. Washington Gas Light Co. (1980) 448 U.S. 261, 270.   A divided United States Supreme Court set forth the basic application of the law.  It stated:

> It  has long been the law that "the judgment of a state court should have the same credit,  validity,  and effect in  every other  court in the United States,  which it had in the state where  it was pronounced." [Citations]  This  rule,  if  not compelled by the Full Faith and Credit Clause itself . . . is surely required by 28 USC sec. 1738 . . . .  Thus, in effect, .  . . a State is permitted to determine the extraterritorial effect of its judgments; but it may only do so indirectly, by prescribing the effect of its judgments within the State.

Id. at 270.  As to the power to determine the effect of the forum's own law, the Court stated:

> To  vest the power of determining the extraterritorial effect of a State's own laws and judgments in the State itself risks the  very kind of parochial entrenchment on the interests  of other  States that it was the purpose of the Full  Faith  and Credit  Clause and  other  provisions  of  Art  IV of  the Constitution to prevent.

Id.  at 272.  The rare exceptions to the application of the full  faith  and credit clause arise only when there is a violation of some fundamental state public policy.   As noted in Magnolia Petroleum v. Hunt (1943) 320 U.S. 430, there  is no precedent for an exception in the case of a money judgment in a civil suit.   The permissible scope of inquiry in a sister state is  limited to  the  ascertainment of jurisdiction over the person and  subject  matter. Durfee v. Duke (1963) 375 U.S. 106.

Judgment affirmed.

---

*Honorable  Samuel  P.  King,  United States District  Judge,  District  of Hawaii, sitting by designation of the Secretary of Interior.
**Honorable  Walter  M.  Heen,  Associate  Justice,  Intermediate  Court  of Appeals,  State  of  Hawaii,  sitting  by designation of .the  Secretary  of Interior.